[See Case No. 15,875.]

## Case No. 15,877.

UNITED STATES v. NICHOLSON et al.

[3 Woods, 215.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1878.

ELECTIONS — CONGRESSIONAL REPRESENTATIVES — BALLOT BOXES.

1. The purpose of section 5515 of the Revised Statutes was only to punish a violation of the state laws regulating elections, when such violation affected the election or the result of the election of a delegate or representative in congress.

[Cited in Ex parte Perkins, 29 Fed. 906.]

2. The election law of the state of Louisiana, approved April 11, 1877, does not authorize the use, by the commissioners of election. of two ballot boxes. one for the election of state and parish officers, and the other for the election of representatives in congress.

This was an indictment [against Daniel Nicholson and others], under section 5515 of the Revised Statutes of the United States, against three commissioners of election appointed under the state law to conduct an election for member of congress, state, parish and ward officers. in one of the wards of Caddo parish. in the state of Louisiana. The charge of the court can be understood without any recital of the facts.

A. H. Leonard. U. S. Atty.

J. R. Beckwith, B. F. Jonas, C. H. Luzenberg, and J. C. Egan, for defense.

WOODS, Circuit Judge (charging jury). The defendants in this case are charged in an indictment containing two counts. The first count alleges that at the general election for members of congress, held on the fifth of November, 1878, in the Fourth congressional district, in this state, two of the

[1] [Reported by Hon. William B. Woods. Circuit Judge, and here reprinted by permission.]

defendants, to wit, Daniel Nicholson and Samuel Fells, were the commissioners of said election, and the other defendant, Thomas B. Chase, was clerk thereof; and that they, the officers of such election, did unlawfully, feloniously and with intent to affect the result of such election, furnish for use at the said election two boxes for the reception of ballots, in addition to the one provided for by law, and required said boxes to be used as follows: One of the boxes as the exclusive receptacle for all ballots cast for representative in the congress of the United States, one box as a receptacle for all ballots cast for officers of the Fourth ward of the parish of Caddo, and the remaining box as the receptacle for all ballots voted for officers of the parish and members of the state legislature.

The first count further charges that the commissioners at the said election announced and proclaimed that all ballots to be voted for representative in the congress of the United States were required to be deposited in the box set apart by them for the reception of such ballots; and that all ballots voted for ward officers were required to be deposited in the box designated for the reception of such ballots; and that all ballots to be voted for the parish officers and members of the state legislature were required to be voted in the box designated for the reception of such ballots by the commissioners. And that the commissioners of the election further proclaimed that any ballot deposited in a box other than the one designated by them for its reception would neither be listed nor counted. The first count of the indictment further alleges that the said officers of the election refused to count two hundred ballots cast at such election by duly qualified voters of the state and precinct for a representative in the congress of the United States. The second count charges that the defendants, being officers at said election, as mentioned in the first count, did refuse to perform their duty as such, and did neglect and refuse to count two hundred ballots cast at said election by duly qualified voters of the parish and state, for J. Madison Wells for member of congress for the United States.

As to this second count, I say to you, if there is any evidence at all in support of it, it is sufficient to prove the allegation, and it is your duty, therefore, to render a verdict of not guilty on that count. You will, therefore, address yourselves to the consideration of the question, whether or not the United States have succeeded in establishing the guilt of the accused upon the first count of the indictment. The presumption of law is, and you will bear it in mind, that the defendants are innocent until it is satisfactorily established that they are guilty, and guilt cannot be satisfactorily shown unless it is proved beyond reasonable doubt.

What is the charge brought against these defendants by the first count? It is that they did an act unauthorized by law, with a view and purpose of affecting the result of the election for member in congress of the Fourth congressional district of Louisiana. I instruct you that congress has no power to punish a state officer for a violation of a state law, if it only affects the election of state, parish or ward officers, and that section 5515 of the Revised Statutes of the United States does not undertake to punish state officers for a violation of state law, so far as such violation only affects the election, or the result of the election, of state, municipal or parish officers. That section (5515) declares that "every officer of an election at which any delegate or representative in congress is voted for, whether such officer be appointed or created by or under any law or authority of the United States, territorial district or municipal law or authority, who neglects or refuses to perform any duty in regard to the said election required of him by any law of the United States or of any state or territory thereof, or who violates any duty so imposed, or who knowingly does any act thereby unauthorized, with intent to affect any such election, or the result thereof, or who fraudulently makes any false certificates of the result of such election in regard to such representative or delegate, or who neglects, withholds, conceals or destroys any certificate of record so required by law respecting the election of any such representative or delegate, or neglects or refuses to make and return such certificate as required by law; or who aids, counsels, procures or advises any voter, person or officer to do any act by this or any of the preceding sections of this act made criminal, or to omit to do any duty the omission of which is by this or any preceding section of this act made criminal, shall be punished as prescribed by section 5511 of this act." It is clear that the purpose of this law was only to punish a violation of the state regulations, so far as such regulations affected the election, or result of the election, of a member of congress, and no further.

Now, as to the charge against these defendants under the first count: The state law requires or authorizes the use of one, or at most of not more than two ballot boxes. It is charged that at the general election held on the fifth of November last, these defendants, "with the intent to affect the result of an election for representative in congress, held on that day, employed three ballot boxes, and required that all votes for members of congress should be deposited in one box, and that all votes for parish officers and members of the state legislature should be deposited in another box, and that the votes for ward officers should be deposited in a third box." It is alleged, further, that defendants declared that any

votes for members of congress which might be deposited in a box designated for either the state or parish officers, or for ward officers, would not be counted. And it is further alleged, under the first count, that the object of the defendants in this action was to affect the election, or the result of the election, for member of congress.

The first question for your determination is this: were the acts which are charged against the defendants in this indictment committed by them. There is no dispute between the counsel for the prosecution and the counsel for the defense on this point. It seems to be conceded that three boxes were used at the elections held in Caddo parish, at the precinct named, on the fifth of November last.

A question of law arises here, and it is whether or not three ballot-boxes were or were not authorized to be used by the law of this state. It seems that on the tenth day of April, 1877, an act was approved by the governor of this state, providing, among other things, for the election of justices of the peace and constables, and on the eleventh of April, 1877—the next day—an act was approved which provided for the election of the various state officers, and also for the election of members of congress, and this act ended by repealing all laws on the subject of elections, excepting those relating to contested elections.

Under the view I take of this case, it is immaterial whether the act of the tenth of April, 1877, is in force or not. Whether or not it was repealed by the act approved next day is not important. My judgment is, that the state of Louisiana, by the act of April 11, 1877, did not authorize the employment, by commissioners of election, of a separate ballot-box for state officers and parish officers, and another ballot-box for members of congress. Section 2 of the act of April 11, 1877, declares, "that the election of members of the general assembly shall be held on the first Tuesday after the first Monday in November." Section 3 provides that all other officers, the time and place of whose election is not otherwise provided for by law, shall be elected at the time and place provided for the election of senators and representatives. Section 7 declares that all general elections for representatives in congress shall be conducted in the same manner as elections for representatives to the general assembly. Now, this act, you will see, provides for the election, as I have already stated, of twenty-two members of the general assembly and other state officers, and members of congress. Section twenty-three of the same act declares, that all the names of persons voted for shall be written or printed on one ticket, and that the names of the persons and offices voted for shall be accurately printed or written on the tickets. If this law is followed, it is impracticable that there should be two bal-

lot-boxes, one for parish officers and members of the legislature, and the other for members of congress. In my judgment these commissioners were not in any event authorized, under the law of the state, to employ more than two ballot-boxes for ward, state and parish officers and members of congress. I think that a fair construction of Act No. 58 of 1877, shows that the use of one box for the reception of ballots for parish officers and members of the legislature, and another for ballots for members of congress, as it was conceded was done by the defendants, was authorized by law.

The vital question in this case is, what was the intent of the commissioners in using the three ballot-boxes? The prosecution charges that it was done for the purpose of affecting the election of a member of congress, or the result thereof. No matter how much it affected the results of the election for ward officers, parish officers or members of the state legislature; we have nothing to do with that. And unless the purpose of the defendants was to affect the election of members in congress there can be no conviction in this case. The rule of law is that every man intends the natural result of his act. Now, if the natural result of the act of these defendants was to affect the result of the election of a member of congress, you might infer that such was their purpose.

A question for your consideration is, did the use of three ballot-boxes naturally affect the result of the election of a member of congress? If it did not affect it, that is the end of this case. If it did affect it, then you are to inquire further whether the presumption arising from the nature of the act has been rebutted by the proof. The defense claims that no such implication would necessarily follow from such an act, and if it did, that they have succeeded in rebutting such implication. On this point the defense has introduced evidence tending to show that one of the defendants, or two of them, perhaps, took legal advice as to what their duties were under the Acts Nos. 57 and 58 of 1877, of the legislature of the state of Louisiana, and that they were advised that these laws did not prohibit the employment of two or even three 'ballot-boxes. I instruct you that if these defendants sought this advice in good faith, with the design and purpose of honestly arriving at what their duties were, and followed that advice in good faith, they cannot be convicted under this indictment. If the evidence on the part of the prosecution does not satisfy you that the employment of those three boxes, and the manner in which the defendants proclaimed that the different ballots should be deposited therein, were intended to affect the result of the election of a member in congress, you shall find the defendants not guilty. But if you are satisfied, from the evidence, that they did these acts with a design and purpose to affect the

election of a member in congress, and not under an honest mistake as to their duty, if you are satisfied of this beyond a reasonable doubt, it is your duty to return a verdict of guilty as to those defendants who participated in the act, its design and purpose. Chase, one of the defendants, testified, as I recollect the evidence, that he had nothing to do with the procuring of the two additional boxes, and the defendant Fells testified that the three boxes were at the poll when he arrived there. If the boxes were there, whether they procured them or not, and if the defendants Chase and Fells concurred in the use to which they were put, it is immaterial who brought the boxes to the polls.

You will take the case and determine whether or not the guilt of the defendants has been made out, and if you are not satisfied beyond a reasonable doubt that every necessary ingredient of the offense charged has been established, you will return a verdict of not guilty. But if you are convinced by the proof that the additional boxes were used by the defendants in the manner charged in the indictment, and for the purpose and with the intent charged, and not under an honest mistake as to their duty, you will find them guilty.